**Petition for Writ of Mandamus Dismissed and Memorandum Opinion filed December 29, 2022.**



In The

# Fourteenth Court of Appeals

## NO. 14-22-00898-CR

### IN RE JOSHUAH MACK, Relator

**ORIGINAL PROCEEDING**
**WRIT OF MANDAMUS**
**300th District Court**
**Brazoria County, Texas**
**Trial Court Cause No. 79044-CR**

## MEMORANDUM OPINION

On December 5, 2022, relator Joshuah Mack filed a petition for writ of mandamus in this court. *See* Tex. Gov't Code Ann. § 22.221; *see also* Tex. R. App. P. 52. In the petition, relator asks this court to compel his attorney to give relator his entire client file.

This court's mandamus jurisdiction is governed by section 22.221 of the Texas Government Code. A court of appeals may issue writs of mandamus against

(1) a judge of a district, statutory county, statutory probate county, or county court in the court of appeals district; (2) a judge of a district court who is acting as a magistrate at a court of inquiry under Chapter 52 of the Texas Code of Criminal Procedure in the court of appeals district; or (3) an associate judge of a district or county court appointed by a judge under Chapter 201 of the Texas Family Code in the court of appeals district for the judge who appointed the associate judge. Tex. Gov't Code Ann. § 22.221(b). The courts of appeals also may issue all writs necessary to enforce the court of appeals' jurisdiction. *Id.* § 22.221(a).

Relator's attorney is not among the parties specified section 22.221(b). *See id.* § 22.221(b). Moreover, relator has not shown that the issuance of a writ compelling the requested relief is necessary to enforce our appellate jurisdiction. *See id.* § 22.221(a). Therefore, we lack jurisdiction to issue a writ of mandamus against relator's attorney.

Accordingly, relator's petition for writ of mandamus is dismissed for lack of jurisdiction.

PER CURIAM

Panel consists of Chief Justice Christopher and Justices Bourliot and Wilson.
Do Not Publish — Tex. R. App. P. 47.2(b).

2